*This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).*

Submitted June 28, affirmed August 30, 2023

In the Matter of L. M. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. B.,
aka B. D. B.,
*Appellant.*

Deschutes County Circuit Court
19JU08906; A180133 (Control)

In the Matter of M. R. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. B.,
aka B. D. B.,
*Appellant.*

Deschutes County Circuit Court
19JU08907; A180134

Bethany P. Flint, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena Stross, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

EGAN, P. J.

Affirmed.

**EGAN, P. J.**

In this consolidated juvenile dependency case, father appeals from two review judgments in which the juvenile court denied father's motion to change the placement of his two children from substitute care to placement with him. Two issues are raised on appeal by the parties: first, whether we should dismiss the appeal as moot; and second, whether the juvenile court erred in denying father's motion. We are not persuaded by the argument of the Department of Human Services (DHS) that the appeal is moot, and we therefore reject that contention without further discussion. On the merits, we affirm the juvenile court's decision.

Before the current placement, the children were placed with father on a trial reunification but were effectively in the care of their paternal grandmother, on a "visit." While the children were being cared for by paternal grandmother, on a "visit," father lost his housing, and, in October 2022, after a hearing, the juvenile court ordered substitute care with the paternal grandmother. Practically, the children remained in the same care, with their paternal grandmother. On appeal, father argues that, although he is not currently able to be a placement for the children, the juvenile court had discretion to continue a trial reunification with father along with maintaining a "visit" with the paternal grandmother, pending father's ability to be a placement.

Citing ORS 419B.349(2), DHS responds that a "visit" is not a type of placement and that the juvenile court only had authority to "direct another type of placement, including placement 'in the care of the child or ward's parents' or in different levels of substitute care." DHS contends that the juvenile court did not have the discretion to order a permanent *visit* with grandmother, because a "visit" is not a placement. *See* OAR 413-070-0000(96) (defining a "visit" as a "planned, in-person contact between the child or young adult and one or more family members").

We agree with DHS that a visit is not a placement. The juvenile court had discretion to maintain the *status quo* or to order substitute care if the evidence supported it. A recitation of all of the facts supporting the juvenile court's

exercise of discretion would serve no purpose here. The record supports the court's rationale for ordering substitute care and reflects an appropriate exercise of discretion aimed at providing for the best interests of the children.

Affirmed.